a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MATAR GUEYE #A245-435-395,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-01274<br>SEC P |
| VERSUS | JUDGE DRELL |
| WARDEN WINN CORRECTIONAL<br>CENTER ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Matar Gueye ("Gueye").  At the time of filing, Gueye was detained at Winn Correctional Center in Winnfield, Louisiana.  He alleges that there is no substantial likelihood of his removal in the reasonably foreseeable future.

Because Gueye is no longer detained, the Petition should be DISMISSED without prejudice.

I.  Background

Gueye is a native and citizen of Senegal.  ECF No. 4-2 at 11.  He alleges that an immigration judge granted withholding of removal under the Convention Against Torture on December 6, 2024.  *Id.*  Gueye was detained on July 8, 2025, and remained detained through the time of filing the Petition.  *Id.*

The online detainee locator service indicates that Gueye is no longer detained.[1] Correspondence mailed to Gueye at his last known address has been returned as undeliverable. ECF Nos. 6, 8.

## II.  Law and Analysis

Article III of the Constitution limits the judicial power of the United States to the resolution of "Cases" and "Controversies." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (internal quotations and citations omitted)). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Gueye could not be located through the ICE detainee locator service. Additionally, the most recent notices mailed to Gueye were returned as undeliverable. ECF Nos. 6, 8. Thus, the evidence available indicates that Gueye is no longer in custody. Accordingly, the § 2241 claim is moot. *See Dien Thanh Ngo v.*

---

[1] https://locator.ice.gov/odls/#/search

*Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III.  Conclusion

Because Gueye is no longer detained, IT IS RECOMMENDED that the Petition be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, January 20, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE